IN THE UNITED STATES DISTRICT COURT IN THE
WESTERN DISTRICT OF MISSOURI

| MICHELE KOCH | ) | |
|---|---|---|
| and | ) | |
| KENDAL KOCH | ) | |
| Plaintiffs, | ) | Case No. 4:22-cv-00480-HFS |
| v. | ) | |
| JOAN ROGERS, et al. | ) | |
| Defendants. | ) | |

**JOINT MOTION TO STAY DISCOVERY AND SCHEDULING ORDER DEADLINES, WITH SUPPORTING SUGGESTIONS**

Plaintiffs, Michele Koch and Kendal Koch, and Defendants, Joan Rogers, Christopher Kimsey, Lynn Roseburrough, Natalie Marino-Johnson, Susan Rusk, and Shannon Torres, pursuant to Rule 26 of the Federal Rules of Civil Procedure and this Court's inherent authority to administer and regulate its own docket, jointly move the Court to enter an order staying discovery and all scheduling order deadlines until this Court has ruled upon Defendants' pending motions to dismiss. The parties state the following:

1. This is a Section 1983 action in which Plaintiffs claim that Defendants, employees of the Missouri Department of Social Services, violated Plaintiffs' rights to procedural and/or substantive due process.

2. Plaintiffs filed their Complaint on July 28, 2022.

3. All Defendants filed motions to dismiss. The motions to dismiss

raised qualified immunity as a defense. See Ct. Docs 16 through 19.

4. This case was transferred from Judge Gaitan to Judge Sachs on September 28, 2022. Ct. Doc. 22.

5. On October 17, 2022, the motions to dismiss were fully briefed. See Ct. Docs 24, 25.

6. At that time, no scheduling order had been entered, and discovery had not begun.

7. As of this writing, the Court has not ruled upon the pending motions to dismiss.

8. The parties have engaged in some written discovery, but that discovery has not been completed.

9. A stay of this case is appropriate because it benefits all parties not to require them to incur additional burdens, including time, effort, and expense, related to discovery, summary judgment briefing, pre-trial compliance, and other work normally associated with Section 1983 litigation, that would be unnecessary if the Court grants the motions to dismiss.

10. The defense of qualified immunity "is meant to give government officials a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such *pretrial* matters as discovery'…[.]" *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996), *quoting Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

11. This Court has inherent authority to grant the requested stay.

12. The parties respectfully request that the Court stay all existing deadlines pending its rulings on Defendants' motions to dismiss. If this case is not dismissed, the parties will submit a proposed amended scheduling order and request that the Court amend the current scheduling order.

WHEREFORE, the parties respectfully request that this Court stay discovery and all existing scheduling order deadlines until the Court has ruled on the pending motions to dismiss.

Respectfully submitted,

**ANDREW BAILEY**
Attorney General

/s/ *Emily A. Dodge*
Emily A. Dodge, Mo Bar #53914
Assistant Attorney General
P.O. Box 899
Jefferson City, MO 65102-0899
Phone: (573) 751-7344
Fax: (573) 751-9456
Email: Emily.Dodge@ago.mo.gov
*Attorney for Defendants*

*Respectfully submitted by,*

/s/ *Michele Koch*

------------------------------------------
Michele Koch
kochmichele@live.com

3

*/s/Kendal Koch*

---------------------------------------
Kendal Koch
kkoch@bssd.net
704 Old Stage Rd Pleasant Hill MO 64080
816-547-8912
PRO SE PLAINTIFFS