IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| Michele Koch<br>Kendal Koch,<br><br>Plaintiffs,<br><br>v.<br><br>Joan Rogers, et. al.,<br><br>Defendants. | Case No. 4:22-cv-00480-HFS |

**ORDER**

Plaintiffs Michele Koch and Kendal Koch are proceeding pro se and have filed an action pursuant to 42 U.S.C. Section 1983, alleging various employees of Missouri's Child Protection Services violated their due process rights. The claims arise after a principal at their child's school filed a report with Child Protection Services concerning their child, R.K. All defendants have filed motions to dismiss based on qualified immunity and for failure to state a claim. (Docs. 16, 18).

Legal Standard.

Defendants are entitled to dismissal under 12 (b)(6) if they show they are entitled to qualified immunity on the face of the complaint. <u>Vandevender v. Sass</u>, 970 F.3d 972, 975 (8th Cir. 2020). Defendants are entitled to qualified immunity unless Plaintiffs have plausibly stated: (1) claims for violations of their Fourteenth Amendment rights to procedural and substantive due process and (2) that the right was clearly established at the time of the alleged violation. Id. To survive a motion to dismiss for failure to state a claim, plaintiffs' complaint must allege "sufficient factual matter, accepted as true, to

state a claim to relief that is plausible on its face." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

Background Facts.

According to plaintiffs' complaint, plaintiffs are the parents of R.K., a former student enrolled at Pleasant Hill School District. (Doc. 1 ¶1). It is undisputed that R.K. suffers from a variety of medical ailments and was attending school subject to disability accommodations. (Doc. 1 ¶¶1-5).

On March 22, 2021, Kayla Taylor, the principal of their child's school, contacted the Children's Division to report abuse and neglect concerning R.K. (Doc. 1 ¶1). The reasons for the report included allegations of educational neglect due to excessive absences from school. (Doc. 1¶ 4)

Defendant Lynn Roseburrough, an employee of the Children's Division, was assigned to investigate the report. (Doc. 1 ¶6). She closed the investigation on May 6, 2021, as "Concerns Addressed." (Doc. 1 ¶7). Plaintiffs now assert that Defendant Roseburrough "closed Plaintiffs case without notifying Plaintiffs of the allegations against them, without hearing Plaintiffs, without obtaining Plaintiffs evidence without making a decision based exclusively on evidence, and without being impartial." (Doc. 1 ¶22.). Plaintiffs claim that by closing the investigation as "Concerns Addressed" they are now deprived of their "right to live free of false accusations" and also the "right to engage in protected activities under Section 504 of the Rehabilitation Act." (Doc. 1 ¶ 23).

Plaintiffs then name as defendants additional Child Protection Services employees following these employees acceptance of the Roseburrough report and for failure to act on plaintiffs filing of a grievance against Roseburrough, including Defendants Shannon Torres, (Circuit Manager of the Children's Division), Natalie Morino (Children's Division employee and Roseburrough's supervisor), Susan Rusk, (Assistant Regional Director) and subsequent reviewers of the denial of her grievances by defendants Christopher Kimsey and Joan Rogers. (Doc. 1).

At the outset, this Court acknowledges that the complaint contains numerous allegations against individuals who are not named defendants, including allegations of HIPPA violations and assertions against Taylor, employees of Children's Mercy Hospital, and the school district.. These allegations are not part of plaintiffs' allegations against the named defendants. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 n.1 (2007) (requiring plaintiffs to provide "fair notice" of the nature of their claims and the grounds on which each claim rests). It is also noted that plaintiffs filed a separate action against the school principal, Kayla Taylor and the Pleasant Hill School District, which was recently dismissed with prejudice. Koch v. Taylor, No. 4:22-cv-00229-HFS (Doc. 84).

Because the bulk of the complaint is directed to allegations against Children's Division employee Roseburrough, the Court will address those allegations first. Plaintiffs' complaint includes allegations that Roseburrough violated their rights to procedural and substantive due process in investigating a report of child abuse and neglect, including educational neglect, made by the principal of R.K.'s elementary school. (Doc. 1). Specifically, plaintiffs allege that Roseburrough "closed Plaintiffs' case

as 'Concerns Addressed' " while a grievance that Plaintiffs had recently filed against her remained pending (Doc. 1 at 11-12, ¶¶27, 28, 31). The basis for this claim is that Plaintiff Michele Koch's had sent an e-mail to Defendant Roseburrough informing her of the grievance explaining "that the grievance was filed due to her failure to acknowledge that R.K. was diagnosed with an incurable disease and disorder, that the [school district] filed an inappropriate report against Plaintiffs… misinformed the [Children's Division] about R.K.'s absences, and that [the school district] was cleaning up R.K.'s attendance records." (Doc. 1 at 11-12, ¶¶27, 28).

Roseburrough responds that the complaint fails to allege a violation of due process because such a claim first requires that the plaintiff have a constitutionally protected property or liberty interest at stake. Hopkins v. Saunders, 199 F.3d 968, 975 (8th Cir. 1999). The statutes governing the Department of Social Services responses to reports of child abuse and neglect, Mo. Rev. Stat. §§210.109 and 210.145, do not mandate particular outcomes or the provision of social services in a case. See Forrester v. Bass, 397 F.3d 1047, (8th Cir. 2005); Mo. Rev. Stat. §§210.109 and 210.145. The process by which the Children's Division' responds to a report of child abuse and neglect does not create any "entitlements subject to constitutional protections under the Fourteenth Amendment." Forrester, 397 F.3d at 1056.

Furthermore, it is within the Department of Social Services' discretion to use a family assessment approach instead of conducting an investigation in response to a report of child abuse and neglect, and to determine whether or not community-based or social services should be provided to support a particular family. See Mo. Rev. Stat. §§210.109, 210.110(8). The Complaint cites a portion of Child Welfare Manual 5.4.2,

explaining that a "Concerns Addressed" conclusion at the end of a family assessment means. In Forrester, like this case, Missouri Department of Social Services employees decided to use a family assessment approach rather than an investigational approach. 397 F.3d 1047, 1050-51, 1058 (8th Cir. 2005). Plaintiffs do not have constitutionally protected property or liberty interests in Missouri's "investigative, preventative, and protective social services," or in the conclusion or details of a family assessment report. Id. at 1057.

Plaintiffs' allegations against Defendant Roseburrough relate to the alleged inadequacy of her assessment and describes in detail Plaintiffs' frustration with school officials' alleged failures to adequately accommodate their child's medical condition and disabilities. Although the Court is sympathetic to the distress caused to plaintiffs, the alleged facts do not establish that Roseburrough (or any defendant) violated Plaintiffs' clearly established constitutional rights during the family assessment. See Dornheim v. Sholes, 430 F.3d 919, 926 (8th Cir. 2005). Accordingly, Defendant Roseburrough is entitled to qualified immunity on the face of the Complaint.

Likewise, Plaintiffs' substantive due process claim against Roseburrough appears to be based on alleged omissions and false statements in her report. (Doc. 1 at 20, ¶57). Even if Defendant Roseburrough improperly relied upon statements of the school principal or Children's Mercy's Social Worker, "such reliance is not an egregious abuse of power that shocks the conscience." Mitchell v. Dakota County Soc. Servs, 959 F.3d 887, 898 (8th Cir. 2020). Allegations of improper investigation or "unprofessionalism" by a Case social worker during a child abuse investigation do not

rise to the level of conscience shocking behavior. Id. Plaintiffs have not alleged a plausible violation of their rights to substantive due process. <u>Mitchell</u>, 959 F.3d at 898-99.

Because the claims against the other defendants are all based on their signature and approval of the report from Roseburrough, and plaintiff's disappointment in the grievance process, the same analysis applies. The defendants are entitled to qualified immunity and there is no plausible due process violation alleged. Accordingly, for these reasons, defendants' motions to dismiss are hereby GRANTED. (Docs. 16, 18).

          /s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

Dated: May 10, 2023
Kansas City, Missouri